DANIEL S. ROBERTS, Bar No. 205535
droberts@colehuber.com
COLE HUBER LLP
2855 E. Guasti Road, Suite 402
Ontario, California 91761
Telephone:   (909) 230-4209
Facsimile:    (909) 937-2034

Attorneys for Defendants San Bernardino
County Sheriff's Department, San
Bernardino County, Shannon Dicus and
James Williams

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ANTHONY WRIGHT;<br>NICOYA WRIGHT;<br>L.W., H.W, and A.G., by and through<br>their Guardian Ad Litem NICOYA<br>WRIGHT,<br><br>        Plaintiffs,<br><br>        v.<br><br>SAN BERNARDINO COUNTY<br>SHERIFF'S DEPARTMENT;<br>SAN BERNARDINO COUNTY;<br>SHANNON DICUS;<br>JAMES WILLIAMS; and DOES 1 to<br>10,<br><br>        Defendants. | Case No. 5:25-cv-00917 SSS (SHKx)<br>The Hon. Sunshine S. Sykes<br><br>**DEFENDANTS SAN BERNARDINO<br>COUNTY SHERIFF'S<br>DEPARTMENT, SAN<br>BERNARDINO COUNTY,<br>SHANNON DICUS, AND JAMES<br>WILLIAMS'S ANSWER TO<br>COMPLAINT FOR DAMAGES** |

4902-6199-5610.1

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants San Bernardino County Sheriff's Department, San Bernardino County, Shannon Dicus, and James Williams ("Defendants") answer the Complaint of Plaintiffs Anthony Wright, Nicoya Wright, and L.W., H.W., and A.G by and through their guardian ad litem, Nicoya Wright ("Plaintiffs").  If an averment is not specifically admitted, it is hereby denied.

## **ANSWER TO COMPLAINT**

1.      Answering Paragraph 1 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response.  To the extent, however, that said paragraph is read to contain some factual allegation requiring a response in this Answer, Defendants deny each and every such allegation.

2.      Answering Paragraph 2 of the Complaint, Defendants admit that on April 25, 2023 Plaintiff Anthony Wright was a pretrial detainee at the Glen Helen Rehabilitation Center, that the aerial photograph in that paragraph of the Complaint shows a portion of that facility, and that for a portion of that day in the morning, Plaintiff Anthony Wright was outside in the recreation yard with other inmates from his housing unit.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

3.      Answering Paragraph 3 of the Complaint, Defendants admit that on April 25, 2023, Plaintiff Anthony Wright lost consciousness while standing, appeared to hit his head on a metal sink, and fell to the ground.  Defendants further admit that after jail medical staff responded to render aid to Plaintiff Anthony Wright, he was taken to the hospital.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

4.      Answering Paragraph 4 of the Complaint, Defendants deny each and every allegation contained therein.

5.      Answering Paragraph 5 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response.  To the extent, however, that said paragraph is read to contain some factual allegation requiring a response in this answer, Defendants deny each and every such allegation.

6.      Answering Paragraph 6 of the Complaint, Defendants admit that this Court has subject-matter jurisdiction over this case.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

7.      Answering Paragraph 7 of the Complaint, Defendants admit that venue in this case is proper in the Eastern Division of the Central District of California. Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

8.      Answering Paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein.

9.      Answering Paragraph 9 of the Complaint, Defendants admit that on April 25, 2023, Plaintiff Anthony Wright was a resident of San Bernardino County, in that he was then an inmate at the Glen Helen Rehabilitation Center.  Except as expressly admitted herein, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in that paragraph, and on that basis deny each and every such allegation.

10.     Answering Paragraph 10 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

11.     Answering Paragraph 11 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

12.     Answering Paragraph 12 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

13.     Answering Paragraph 13 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

14.     Answering Paragraph 14 of the Complaint, Defendants admit that San Bernardino County maintains a Sheriff's Department, and through that Department, employs many individuals.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

15.     Answering Paragraph 15 of the Complaint, Defendants admit that James Williams is an employee of San Bernardino County.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

16.     Answering Paragraph 16 of the Complaint, Defendants admit that Shannon Dicus is the elected Sheriff of San Bernardino County.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

17.     Answering Paragraph 17 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

18.     Answering Paragraph 18 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

19.     Answering Paragraph 19 of the Complaint, Defendants lack sufficient knowledge or information regarding the identities of the individuals Plaintiffs have fictiously named "DOES 1-10" to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

20.     Answering Paragraph 20 of the Complaint, Defendants admit that Defendant Williams is an employee of the County and that Defendant Dicus is the elected Sheriff of the County.  Defendants lack sufficient knowledge or information regarding the identities of the individuals Plaintiffs have fictiously named "DOES

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

1-10" to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph.

21.    Answering Paragraph 21 of the Complaint, Defendants admit that Defendant Williams is an employee of the County and that Defendant Dicus is the elected Sheriff of the County.  Defendants lack sufficient knowledge or information regarding the identities of the individuals Plaintiffs have fictitiously named "DOES 1-10" to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph.

22.    Answering Paragraph 22 of the Complaint, Defendants admit that Defendant Williams is an employee of the County and that Defendant Dicus is the elected Sheriff of the County.  Defendants lack sufficient knowledge or information regarding the identities of the individuals Plaintiffs have fictitiously named "DOES 1-10" to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph.

23.    Answering Paragraph 23 of the Complaint, Defendants admit that Defendant Williams is an employee of the County and that Defendant Dicus is the elected Sheriff of the County, and that when acting in their respective capacities at the Sheriff's Department, they act under color of law.  Defendants lack sufficient knowledge or information regarding the identities of the individuals Plaintiffs have fictitiously named "DOES 1-10" to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.  Except as expressly admitted herein, Defendants deny each and every allegation contained in that paragraph.

24.    Answering Paragraph 24 of the Complaint, Defendants admit that on April 25, 2023 Plaintiff Anthony Wright was an inmate at the Glen Helen

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

Rehabilitation Center who had not yet been sentenced.  Defendants further admit that the Glen Helen Rehabilitation Center is located in San Bernardino County. Defendants further admit that for part of the morning of April 25, 2023, Plaintiff Anthony Wright and the other inmates in his housing unit were in the outdoor recreation yard of the Glen Helen Rehabilitation Center.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

25.    Answering Paragraph 25 of the Complaint, Defendants admit that when Plaintiff Anthony Wright lost consciousness and fell on April 25, 2023, he was standing on concrete.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

26.    Answering Paragraph 26 of the Complaint, Defendants admit that medical aid was rendered to Plaintiff Anthony Wright at the location of his fall, and that he was subsequently transported by ambulance to the hospital.  Defendants further admit that Arrowhead Regional Medical Center is a County hospital.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

27.    Answering Paragraph 27 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

28.    Answering Paragraph 28 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

29.    Answering Paragraph 29 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response, only statements of law.  To the extent, however, that said paragraph is read to contain some factual

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

allegation requiring a response in this Answer, Defendants deny each and every such allegation.

30.    Answering Paragraph 30 of the Complaint, Defendants deny each and every allegation contained therein.

31.    Answering Paragraph 31 of the Complaint, Defendants admit that the Fourth Amendment (as incorporated against the States via the Fourteenth Amendment) requires that force used by law enforcement be objectively reasonable under the totality of the circumstances known to the officer using force.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

32.    Answering Paragraph 32 of the Complaint, Defendants deny each and every allegation contained therein.

33.    Answering Paragraph 33 of the Complaint, Defendants deny each and every allegation contained therein.

34.    Answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35.    Answering Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36.    Answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

37.    Answering Paragraph 37 of the Complaint, Defendants assert that said paragraph contains no factual allegation requiring a response from Defendants, but instead only a prayer for relief.  To the extent, however, that said paragraph is read to contain some factual allegation requiring a response, Defendants deny each and every such allegation.

38.    Answering Paragraph 38 of the Complaint, Defendants deny each and every allegation contained therein.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

39.    Answering Paragraph 39 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

40.    Answering Paragraph 40 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, and instead contains only a quote from a decision of the Ninth Circuit Court of Appeals. Defendants admit that that Circuit decision says what it says.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

41.    Answering Paragraph 41 of the Complaint, Defendants admit that on April 25, 2023 Plaintiff Anthony Wright was an inmate at the Glen Helen Rehabilitation Center who had not yet been sentenced.  Defendants lack sufficient information about the identity of the individuals referred to in that paragraph as "DOES 1-10" to form a belief as to the truth of the remaining allegations in that paragraph, and on that basis deny each and every allegation contained therein except as expressly admitted within this paragraph.

42.    Answering Paragraph 42 of the Complaint, Defendants deny each and every allegation contained therein.

43.    Answering Paragraph 43 of the Complaint, Defendants deny each and every allegation contained therein.

44.    Answering Paragraph 44 of the Complaint, Defendants deny each and every allegation contained therein.

45.    Answering Paragraph 45 of the Complaint, Defendants assert that the first sentence of said paragraph contains no factual allegation requiring a response, but instead only a purported statement of law.  Defendants admit that the relevant case law says what it says.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

46.    Answering Paragraph 46 of the Complaint, Defendants deny each and every allegation contained therein.

47.    Answering Paragraph 47 of the Complaint, Defendants deny each and every allegation contained therein.

48.    Answering Paragraph 48 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response, but instead only a prayer for relief in the form of attorney's fees.  To the extent, however, that said paragraph is read to contain some allegation requiring a response from Defendants, Defendants deny each and every such allegation.

49.    Answering Paragraph 49 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

50.    Answering Paragraph 50 of the Complaint, Defendants assert that said paragraph contains no factual allegation requiring a response but instead only a legal conclusion.  To the extent, however, that said paragraph is read to contain some factual allegation requiring a response from Defendants, Defendant deny each and every such allegation.

51.    Answering Paragraph 51 of the Complaint, Defendants deny each and every allegation contained therein.

52.    Answering Paragraph 52 of the Complaint, Defendants deny each and every allegation contained therein.

53.    Answering Paragraph 53 of the Complaint, Defendants deny each and every allegation contained therein.

54.    Answering Paragraph 54 of the Complaint, Defendants deny each and every allegation contained therein.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

4902-6199-5610.1

55.    Answering Paragraph 55 of the Complaint, Defendants deny each and every allegation contained therein.

56.    Answering Paragraph 56 of the Complaint, Defendants deny each and every allegation contained therein.

57.    Answering Paragraph 57 of the Complaint, Defendants deny each and every allegation contained therein.

58.    Answering Paragraph 58 of the Complaint, Defendants deny each and every allegation contained therein.

59.    Answering Paragraph 59 of the Complaint, Defendants deny each and every allegation contained therein.

60.    Answering Paragraph 60 of the Complaint, Defendants deny each and every allegation contained therein.

61.    Answering Paragraph 61 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

62.    Answering Paragraph 62 of the Complaint, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

63.    Answering Paragraph 63 of the Complaint, Defendants admit that on April 25, 2023 Plaintiff Anthony Wright was a pretrial detainee at Glen Helen Rehabilitation Center.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

64.    Answering Paragraph 64 of the Complaint, Defendants deny each and every allegation contained therein.

65.    Answering Paragraph 65 of the Complaint, Defendants deny each and every allegation contained therein.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

66.    Answering Paragraph 66 of the Complaint, Defendants deny each and every allegation contained therein.

67.    Answering Paragraph 67 of the Complaint, Defendants deny each and every allegation contained therein.

68.    Answering Paragraph 68 of the Complaint, Defendants deny each and every allegation contained therein.

69.    Answering Paragraph 69 of the Complaint, Defendants deny each and every allegation contained therein.

70.    Answering Paragraph 70 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

71.    Answering Paragraph 71 of the Complaint, Defendants deny each and every allegation contained therein.

72.    Answering Paragraph 72 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead only statements of law from a decision of the Ninth Circuit Court of Appeals and a quotation from the Fourteenth Amendment.  Defendants admit that the case law and the Constitution say what they say.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

73.    Answering Paragraph 73 of the Complaint, Defendants lack sufficient information about the identity of the individuals referred to therein as "DOES 1-10" to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every such allegation.

74.    Answering Paragraph 74 of the Complaint, Defendants deny each and every allegation contained therein.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

75.     Answering Paragraph 75 of the Complaint, Defendants deny each and every allegation contained therein.

76.     Answering Paragraph 76 of the Complaint, Defendants deny each and every allegation contained therein.

77.     Answering Paragraph 77 of the Complaint, Defendants deny each and every allegation contained therein.

78.     Answering Paragraph 78 of the Complaint, Defendants deny each and every allegation contained therein.

79.     Answering Paragraph 79 of the Complaint, Defendants deny each and every allegation contained therein.

80.     Answering Paragraph 80 of the Complaint, Defendants deny each and every allegation contained therein.

81.     Answering Paragraph 81 of the Complaint, Defendants deny each and every allegation contained therein.

82.     Answering Paragraph 82 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

83.     Answering Paragraph 83 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead only legal conclusions.  To the extent, however, that said paragraph is read to contain some factual allegation requiring a response, Defendants deny each and every such allegation.

84.     Answering Paragraph 84 of the Complaint, Defendants deny each and every allegation contained therein.

85.     Answering Paragraph 85 of the Complaint, Defendants deny each and every allegation contained therein.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

86.    Answering Paragraph 86 of the Complaint, Defendants deny each and every allegation contained therein.

87.    Answering Paragraph 87 of the Complaint, Defendants deny each and every allegation contained therein.

88.    Answering Paragraph 88 of the Complaint, Defendants deny each and every allegation contained therein.

89.    Answering Paragraph 89 of the Complaint, Defendants deny each and every allegation contained therein.

90.    Answering Paragraph 90 of the Complaint, Defendants deny each and every allegation contained therein.

91.    Answering Paragraph 91 of the Complaint, Defendants deny each and every allegation contained therein.

92.    Answering Paragraph 92 of the Complaint, Defendants deny each and every allegation contained therein.

93.    Answering Paragraph 93 of the Complaint, Defendants deny each and every allegation contained therein.

94.    Answering Paragraph 94 of the Complaint, Defendants deny each and every allegation contained therein.

95.    Answering Paragraph 95 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

96.    Answering Paragraph 96 of the Complaint, Defendants assert that said paragraph contains no factual allegation requiring a response from Defendants, but instead only legal conclusions.  To the extent, however, that said paragraph is read to contain some factual allegation requiring a response, Defendants deny each and every such allegation.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

97.     Answering Paragraph 97 of the Complaint, Defendants deny each and every allegation contained therein.

98.     Answering Paragraph 98 of the Complaint, Defendants deny each and every allegation contained therein.

99.     Answering Paragraph 99 of the Complaint, Defendants deny each and every allegation contained therein.

100.    Answering Paragraph 100 of the Complaint, Defendants deny each and every allegation contained therein.

101.    Answering Paragraph 101 of the Complaint, Defendants deny each and every allegation contained therein.

102.    Answering Paragraph 102 of the Complaint, Defendants deny each and every allegation contained therein.

103.    Answering Paragraph 103 of the Complaint, Defendants deny each and every allegation contained therein.

104.    Answering Paragraph 104 of the Complaint, Defendants deny each and every allegation contained therein.

105.    Answering Paragraph 105 of the Complaint, Defendants deny each and every allegation contained therein.

106.    Answering Paragraph 106 of the Complaint, Defendants deny each and every allegation contained therein.

107.    Answering Paragraph 107 of the Complaint, Defendants admit that in June 2022 an in-custody death of an inmate at the Glen Helen Rehabilitation Center occurred in which the inmate suffered a medical emergency in the recreation yard, fell, and sustained a head injury.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

108.    Answering Paragraph 108 of the Complaint, Defendants deny each and every allegation contained therein.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

109.   Answering Paragraph 109 of the Complaint, Defendants deny each and every allegation contained therein.

110.   Answering Paragraph 110 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

111.   Answering Paragraph 111 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, only legal conclusions.  To the extent, however, that said paragraph is read to include some factual allegation requiring a response, Defendant deny each and every such allegation.

112.   Answering Paragraph 112 of the Complaint, Defendants admit that in general law enforcement personnel have a legal duty to act with due care in the execution of their duties.  Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

113.   Answering Paragraph 113 of the Complaint, Defendants deny each and every allegation contained therein.

114.   Answering Paragraph 114 of the Complaint, Defendants deny each and every allegation contained therein.

115.   Answering Paragraph 115 of the Complaint, Defendants deny each and every allegation contained therein.

116.   Answering Paragraph 116 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

117.   Answering Paragraph 117 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, only legal conclusions.  To the extent, however, that said paragraph is read to include some factual allegation requiring a response, Defendant deny each and every such allegation.

118.   Answering Paragraph 118 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, but instead includes only legal conclusions.  To the extent, however, that said paragraph is read to contain some factual allegation requiring a response, Defendant deny each and every such allegation.

119.   Answering Paragraph 119 of the Complaint, Defendants deny each and every allegation contained therein.

120.   Answering Paragraph 120 of the Complaint, Defendants deny each and every allegation contained therein.

121.   Answering Paragraph 121 of the Complaint, Defendants deny each and every allegation contained therein.

122.   Answering Paragraph 122 of the Complaint, Defendants deny each and every allegation contained therein.

123.   Answering Paragraph 123 of the Complaint, Defendants deny each and every allegation contained therein.

124.   Answering Paragraph 124 of the Complaint, Defendants deny each and every allegation contained therein.

125.   Answering Paragraph 125 of the Complaint, Defendants deny each and every allegation contained therein.

126.   Answering Paragraph 126 of the Complaint, Defendants deny each and every allegation contained therein.

127.   Answering Paragraph 127 of the Complaint, Defendants deny each and every allegation contained therein.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

128.    Answering Paragraph 128 of the Complaint, Defendants assert that said paragraph contains no allegations itself other than by incorporating by reference the allegations in each of the preceding and subsequent paragraphs of the Complaint.  In response, Defendant similarly incorporates here its responses to the corresponding allegations in the Complaint as stated above in this Answer.

129.    Answering Paragraph 129 of the Complaint, Defendants assert that said paragraph contains no factual allegations requiring a response from Defendants, only legal conclusions.  To the extent, however, that said paragraph is read to include some factual allegation requiring a response, Defendant deny each and every such allegation.

130.    Answering Paragraph 130 of the Complaint, Defendants deny each and every allegation contained therein.

131.    Answering Paragraph 131 of the Complaint, Defendants assert that said paragraph contains no factual allegation requiring a response, but instead includes only legal conclusions.  To the extent, however, that said paragraph is read to include some factual allegation requiring a response, Defendants deny each and every such allegation.

132.    Answering Paragraph 132 of the Complaint, Defendants deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses.  In pleading a matter as an affirmative defense, Defendants do not intend to assume Plaintiffs' burden to prove any element of their cause of action on which they have the burden of proof.  Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

### FIRST AFFIRMATIVE DEFENSE

### (Qualified Immunity)

1. As a separate and first affirmative defense to the Complaint and each purported federal claim for relief contained therein against them, Defendants Dicus and Williams each allege that they are entitled to qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Comply with Government Claims Act)

2. As a separate and second affirmative defense, Defendants allege that Plaintiffs' claims arising under California state law are barred by California Government Code section 945.4 because Plaintiffs did not timely present a claim under the California Government Claims Act.

### THIRD AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 815)

3. As a separate and third affirmative defense, Defendants allege that each and every state-law claim for relief contained in the Complaint is barred by the provisions of California Government Code section 815. Specifically, except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

### FOURTH AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 815.2)

4. As a separate and fourth affirmative defense, Defendants allege that each and every state-law claim for relief contained in the Complaint is barred by the provisions of California Government Code section 815.2. Specifically, except as otherwise provided by statute, a public entity is not liable for any injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

### FIFTH AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 820.2)

5.     As a separate and fifth affirmative defense, Defendants allege that each and every state-law claim for relief contained in the Complaint is barred by the provisions of California Government Code section 820.2.  Specifically, except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of exercise of the discretion vested in him, whether or not such discretion be abused.

### SIXTH AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 820.4)

6.     As a separate and sixth affirmative defense, Defendants allege that each and every state-law claim for relief contained in the Complaint is barred by the provisions of California Government Code section 820.4.  Specifically, a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

### SEVENTH AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 820.8)

7.     As a separate and seventh affirmative defense, Defendants allege that each and every state-law claim for relief contained in the Complaint is barred by the provisions of California Government Code section 820.8.  Specifically, except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.

### EIGHTH AFFIRMATIVE DEFENSE

### (Claims Barred by Cal. Gov't Code § 844.6)

8.     As a separate and eighth affirmative defense, Defendants allege that each and every state-law claim for relief contained in the Complaint is barred by the provisions of California Government Code section 821.6 because Plaintiff Anthony Wright was a prisoner at the time of the alleged injuries in this case.

## NINTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

9.      As a separate and ninth affirmative defense to the Complaint and each purported cause of action contained therein based on alleged negligence, Defendants allege that Plaintiffs' damages, if any, were caused by the primary negligence and/or acquiescence in the acts and omissions alleged in the Complaint by the Plaintiffs, and Plaintiffs' agents, employees, representatives, relatives, heirs, assigns, attorneys, and/or any others acting on Plaintiffs' behalf.  By reason thereof, Plaintiffs are not entitled to damages or any other relief whatsoever as against Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Apportionment of Fault)

10.     As a separate and tenth affirmative defense to the Complaint and each purported cause of action contained therein based on alleged negligence, Defendants allege that Plaintiffs' damages, if any, were caused by the negligence and/or acts or omissions of parties other than the Defendants, whether or not parties to this action. By reason thereof, any damages, as against the Defendants, must be reduced by the proportion of fault attributable to such other parties, and to the extent that this is necessary, Defendants may be entitled to partial indemnity from others on a comparative fault basis.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.     As a separate and eleventh affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that Plaintiffs' claims, if any, are barred for their failure, and/or the failure of the persons and/or entities acting on their behalf, to mitigate any purported damages.

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761

## **TWELFTH AFFIRMATIVE DEFENSE**

### **(Waiver and Estoppel)**

12.     As a separate and twelfth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that as a result of their own acts and/or omissions, Plaintiffs have waived any right which they may have had to recover, and/or are estopped from recovering, any relief sought against Defendants.

## **THIRTEENTH AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

13.     As a separate and thirteenth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable.

WHEREFORE, Defendants pray for relief as follows:

1.     That the Complaint be dismissed, with prejudice and in its entirety;

2.     That Plaintiffs take nothing by reason of this Complaint and that judgment be entered against Plaintiffs and in favor of Defendants;

3.     That Defendants be awarded their costs incurred in defending this action;

4.     That Defendants be granted such other and further relief as the Court may deem just and proper.

Dated:  August 4, 2025          COLE HUBER LLP

By:     ___/s/ Daniel S. Roberts___
          Daniel S. Roberts
          Attorneys for Defendants San Bernardino
          County Sheriff's Department, San
          Bernardino County, Shannon Dicus and
          James Williams

COLE HUBER LLP
2855 E. GUASTI ROAD, SUITE 402
ONTARIO, CALIFORNIA 91761