Christian Contreras, Esq., (SBN 330269)
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101
Email:CC@Contreras-Law.com

Sam Harton, *Pro Hac Vice*
Romanucci and Blandin, LLC
321 N. Clark Street, Suite 900
Chicago, IL 60654
Tel: 312-253-8632Fax: 312-458-1004
Email: sharton@rblaw.net

Attorneys for Plaintiffs, ANTHONY WRIGHT, *et al*.

DANIEL S. ROBERTS, Bar No. 205535
droberts@colehuber.com
COLE HUBER LLP
2855 E. Guasti Road, Suite 402
Ontario, California 91761
Telephone: (909) 230-4209
Facsimile: (909) 937-2034

Attorneys for Defendants San Bernardino County Sheriff's Department, San Bernardino County, Shannon Dicus and James Williams

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WRIGHT, individually; NICOYA WRIGHT, individually and as Guardian Ad Litem of L.W., a minor; L.W., individually; <br><br> Plaintiffs, <br><br> v. <br><br> SAN BERNARDINO COUNTY SHERIFF's DEPARTMENT, et. al., <br><br> Defendants. | CASE NO.: 5:25-cv-917 SSS <br><br> **Joint Rule 26(f) Report** <br> Scheduling Conference: <br> Date: October 10, 2025 <br> Time: 1:00 p.m. <br> **Held via Zoom videoconference** |

---

1
**COMPLAINT FOR DAMAGES**

The parties have duly conferred regarding a discovery schedule in this case. The parties hereby submit this Joint Rule 26(f) Report:

1. The Court has ordered a virtual Scheduling Conference to take place on October 10, 2025, at 1 p.m. ECF 23.

2. <u>Statement of the Case</u>: This case arises out of an incident at the Glen Helen Rehabilitation Center (GHRC) in San Bernardino, California, where Mr. Anthony Wright was a pre-trial detainee. The Complaint was filed on April 15, 2025. Mr. Wright alleges that he fainted due to unconstitutional conditions and policies at the GHRC, was subsequently subject to excessive force by a GHRC guard, and did not receive adequate medical care. As a result of this incident, Mr. Wright is now paralyzed from the neck down and unable to move any of his limbs. He brings section 1983 claims against San Bernardino County, the guard who used force upon him, the guards who failed to protect and intervene, and the sheriff and warden who are subject to supervisory liability. Mr. Wright's wife, Nicoya Wright, and children, A.G., H.W., a L.W., also bring Fourteenth Amendment claims for interference with the parent/child relationship. Mr. Wright has also brought state claims. Plaintiffs do not know the identity of all the guards involved and have sued them as John Does. Plaintiffs will move to amend the complaint once all the defendant guards have been identified.

3. Defendants answered Plaintiffs' Complaint on August 5, 2025. Defendants deny that they violated Plaintiffs' rights or state law and have asserted eleven affirmative defenses, including qualified immunity.

4. <u>Subject Matter Jurisdiction</u>: This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. Venue is proper within the Central District of California pursuant to 28 U.S.C.

§ 1391(b)(2) because the events upon which Plaintiffs base their claims occurred within this district.

5. <u>Legal Issues</u>: Plaintiffs have brought these claims pursuant to the Fourth and Fourteenth Amendments as well as California state law. Plaintiffs allege excessive force, failure to protect from harm, failure to intervene, supervisory liability, unconstitutional conditions of confinement, and negligence. Defendants assert qualified immunity as a defense. Defendants also contend that Plaintiffs' state-law claims are barred by their failure to comply with the California Government Claims Act.

6. Parties and Evidence:

   a. <u>Parties</u>: Anthony Wright, Nicoya Wright, A.W., L.W., A.G., San Bernardino County, Shannon Dicus, James Williams, and John Doe Defendants who have yet to be identified.

   b. <u>Percipient witnesses</u>: It is difficult to identify with accuracy the full scope of the parties' witness lists at this early stage of discovery. Plaintiffs expect to depose corporate designees for San Bernardino County, Mr. Wright's medical treaters, staff who are knowledgeable about the policies and practices at GHRC that are relevant to Plaintiffs' *Monell* allegations, and any guards, nurses, detainees, or other individuals who witnessed the subject incident. Details regarding these witnesses are expected to become more clear upn the parties' exchange of discovery.

   c. <u>Key Documents</u>: Plaintiffs expect to request and receive documents related to the subject incident such as investigative reports, disciplinary documents, audio or video files, and interview records; policies, procedures, and other documents reflecting practices and customs at GHRC which relate to the *Monell* allegations; training records; personnel records; and medical records.

3
**COMPLAINT FOR DAMAGES**

     d. <u>Subsidiaries, parents, and affiliates</u>: The only entity party to this case, San Bernardino County, does not have any subsidiary, parent, or affiliate relevant to this case.

7. <u>Service of Complaint</u>: Each named Defendant has been served, but Plaintiffs will need to amend the Complaint once the John Doe Defendants are identified, and those Defendants will need to be subsequently served.

8. <u>Damages</u>: Damages are difficult to quantify at this time. Mr. Wright, however, is paralyzed below the neck and unable to use any of his limbs. Accordingly, Mr. Wright's claimed damages are signficant. Plaintiffs anticipate extensive discovery is needed regarding extent of Mr. Wright's complex medical injuries.

9. <u>Insurance</u>: Defendant San Bernardino County is self-insured, with excess liability coverage through PRISM (Public Risk Innovation, Solutions, and Management), a joint powers authority.

10. <u>Motions</u>: Plaintiffs anticipate amending their Complaint to substitute the true names of Defendants presently named as John Doe Defendants once the true identities of those individuals are discovered. The parties anticipate being able to stipulate to leave to file such an amendment. No motions to transfer venue or to challenge the Court's jurisdiction are anticipated.

11. <u>Dispositive Motions</u>: Depending on the results of discovery, Defendants may move for summary judgment or partial summary judgment. The particular issues or claims that may be at issue in such a motion cannot yet be determined at this early stage of the case, other than that Defendants contend Plaintiffs' state-law claims for relief are barred by their failure to comply with the California Government Claims Act.

12. <u>Manual for Complex Litigation</u>: The parties do not expect the Manual for Complex Litigation to be applicable here.

4
**COMPLAINT FOR DAMAGES**

13. <u>Status of Discovery</u>: Defendants answered Plaintiffs' Complaint on August 5, 2025. Even prior to that filing, Defendants informally produced documents Plaintiffs had requested to help Plaintiffs begin to identify John Doe Defendants. Formal discovery has not yet commenced, but the parties have agreed to exchange formal Initial Disclosures by September 30, 2025. After evaluating those Disclosures, the parties will commence formal written discovery, followed by depositions.

14. <u>Discovery Plan</u>: No changes in the disclosures under Rule 26(a) should be made, other than the schduling of expert and pretrial disclosures, which should be on the schedule set in the Scheduling Order and the Local Rules instead of the default dates in Rule 26(a)(2) and (a)(3). Plaintiffs will need to obtain discovery on the incident which caused Mr. Wright to be injured, the identies of the John Doe Defendants and the individuals who witnessed the incident, the policies, conditions, and widespread practices attendant to the incident, and damages.

15. The Parties disagree regarding whether fact discovery should be conducted in phases. Defendants contend that fact discovery should be conducted in two phases, focusing first on the facts and circumstances of Plaintiffs' own claimed injuries and whether Defendants deprived them of their constitutional rights, before conducting discovery into unrelated incidents for purposes of establishing *Monell* liability.  Plaintiffs, on the other hand, contend that all such *Monell* discovery should be conducted concurrently with discovery into what happened specifically to Plaintiff Wright.  The parties agree, however, that formal briefing on this issue is necessary rather than attempting to address it within this Joint Report, and ask the Court to set a briefing schedule on the question.

16. In addition, Plaintiffs contend that an expansion of the 10-deposition limit under Federal Rule of Civil Procedure 30 is needed due to the anticipated

complexity of *Monell* issues in this case as well the number of people who may have witnessed the incident. It is Plaintiff's understanding that 60-80 people were on the yard during the incident, and it is unknown at this time how many individuals witnessed it. While Defendants are open to the possibility of a need for additional depositions, they do not agree at this time to a three-fold expansion of the number of permitted depositions. Instead, Defendants propose that depositions be limited to 10 throughout the first phase of discovery discussed above, and then a more-informed discussion can be had as to the need for how many additional depositions are needed on *Monell* issues.

17. With respect to ESI, the parties agree that the collection of materials from ESI repositories that may contain responsive information, and the subsequent use of search terms (including search terms employing Boolean connectors) on collected materials, is generally an appropriate means of identifying responsive ESI. The parties agree to meet and confer in good faith about the ESI repositories to be collected and the search terms to be used in identifying responsive materials. The parties further agree to meet and confer in good faith about the format of and technical specifications for ESI productions as the need to do so arises

18. Finally, if it becomes necessary to assert a claim of privilege after privileged documents have been produced, the parties agree to the following procedure and respectfully request the Court include it in its Scheduling Order in this case pursuant to Federal Rule of Evidence 502:

    a. If a producing party discovers that it has inadvertently produced privileged or work-product material, it shall promptly notify the receiving party and ask for the return of such material. The receiving party shall then either return or destroy that inadvertently-disclosed material immediately (including any copes or derivatives thereof). If

6
**COMPLAINT FOR DAMAGES**

the receiving party is the first to recognize that material produced in discovery may be privileged or attorney work product, the receiving party shall refrain from any further review of the material, shall notify the producing party as soon as possible of the inadvertent production, shall ask the producing party whether such material should be returned or destroyed, and if so requested by the producing party, shall return or destroy the material. If under either such scenario, however, there is a good-faith argument that the material is not privileged or that the privilege has been waived, the receiving party shall sequester the disputed material and refrain from any further use of it until such time as the claim of waiver is resolved, whether by meet and confer or motion to the Court.

19. <u>Fact Discovery Cut-Off</u>: The parties suggest the fact discovery cut-off date be August 14, 2026.

20. <u>Expert Discovery Cut-Off</u>: The parties suggest the following timeline for expert discovery:
    a. Initial Expert Disclosures: August 21, 2026.
    b. Rebuttal Expert Disclosures: September 25, 2026.

21. <u>Settlement Conference</u>: No settlement negotiations have yet occurred. The parties respectfully request referral to panel mediation (ADR Option No. 2), and would agree to panel mediator Richard Copeland.

22. <u>Trial Estimate</u>: Given the complex *Monell* issues in this case, the parties expect the trial to last 10-14 days. Plaintiffs expect to collect testimony and evidence relating to San Bernardino and GHRC's policies and widespread practices as they relate to crowding detainees into the enclosed yard at GHRC, past incidents involving detainees overheating, being subject to excessive force, or otherwise getting hurt, ill, or killed at the GHRC, keeping detainees at the GHRC safe (or fail to do so) in the event of medical emergencies,

providing medical services to detainees, and the use of force. These topics will require Plaintiffs to depose multiple staff members, including corporate designees, who have information about written policies and unwritten customs within the jail. The trial will be by jury. Plaintiffs cannot realistically estimate the number of witnesses they expect to call at this early stage of litigation, but can update the Court once the parties have completed some discovery.

23. <u>Trial Counsel</u>: Plaintiffs will be represented at trial by Sam Harton of Romanucci and Blandin, LLC (admitted <u>pro hac vice</u>), Ben Berkman (pro hac vice pending) and Christian Contreras. Defendants will be represented at trial by attorneys from Cole Huber LLP.

24. <u>Independent Expert or Master</u>: The Parties do not believe it is necessary for the Court to appoint a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert at the parties' expense.

25. <u>Schedule Worksheet</u>: The parties have completed the Court's Worksheet and attach it hereto as Exhibit 1. The parties used the Court's recommended timeline as a guide but made adjustments based on the parties' trial schedules, conflicts, and the expected needs of discovery in this case.

26. <u>Class Actions</u>: This is not a class action.

27. <u>Other Issues</u>: Plaintiff Anthony Wright is currently being held in the custody of the Riverside County Sheriff. As such, leave of court will be necessary to take his deposition pursuant to Federal Rule of Civil Procedure 30(a)(2)(B). It may also be necessary to obtain orders from the Court to permit Rule 35 examinations of Plaintiff while in custody. The parties intend to work together on stipulated requests for the necessary orders in this regard. The parties agree to electronic service of discovery papers, notices, and similar papers by e-mailing such papers to counsel of record.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: September 25, 2025 | **Romanucci and Blandin, LLC** |
| 3 | | */s/ Sam Harton* |
| 4 | | Sam Harton<br>Attorney for Plaintiffs,<br>ANTHONY WRIGHT, *et al.* |
| 5 | Dated: September 25, 2025 | **Cole Huber LLP** |
| 6 | | |
| 7 | | */s/ Daniel S. Roberts*<br>Sam Harton |
| 8 | | Attorneys for Defendants San Bernardino County, Shannon Dicus, and James Williams |

9

**COMPLAINT FOR DAMAGES**